UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONI WALTZ and
CHARLES WALTZ,

    Plaintiffs,

v.                                                                               CASE NO. 8:18-cv-47-T-23AEP

DEPUTY ERIC JOHNSON and
HILLSBOROUGH COUNTY
SHERIFF'S OFFICE,

    Defendants.
_____/

**ORDER**

An abandoned house sits behind Charles Waltz's home in Apollo Beach, and a fence separates the two properties. When Hillsborough County Deputy Sheriff Eric Johnson arrived at the abandoned house for an investigation and walked into the yard of the abandoned house, two of Waltz's dogs — a Doberman and a thirty-pound "cattle dog" — approached the fence and began barking at Johnson, who stood thirty feet from the dogs. The cattle dog leaped the fence and ran toward Johnson, and Johnson shot the dog twice. As the wounded dog allegedly "tried to get back into [the Waltzes'] yard," Johnson shot the dog again. The dog later died.

Charles and his daughter, Toni, sued (Doc. 2) Johnson and the Sheriff of Hillsborough County in the Circuit Court for Hillsborough County, and the defendants removed (Doc. 1) the action. Count one, the Section 1983 claim, alleges

that Johnson seized the dog in violation of the Fourth Amendment. Count two alleges that Johnson intentionally inflicted emotional distress. Counts three and four, which the Waltzes respectively title "respondeat superior" and "indemnification," request a finding of the Sheriff's vicarious liability for a prospective judgment in counts one and two. Johnson moves (Doc. 4) to dismiss for failure to state a claim. Also, Johnson argues that qualified immunity requires dismissing with prejudice the Section 1983 claim. A month after the motion, the Waltzes fail to respond.

**DISCUSSION**

**1. Fourth Amendment violation (count one)**

The Fourth Amendment protects against an officer's unreasonable "seizure" of a pet dog. *See, e.g.*, *Altman v. City of High Point, N.C.*, 330 F.3d 194 (4th Cir. 2003) (holding that the killing of a pet constitutes a "seizure" under the Fourth Amendment). The reasonableness of a seizure "must be judged from the perspective of a reasonable officer on the scene, rather than with the vision of 20/20 hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). *Graham* explains that an officer often must "make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." 490 U.S. at 397.

Under qualified immunity, a Section 1983 claim warrants dismissal if the complaint fails to state a claim for the violation of a constitutional or statutory right or if the right is not "clearly established" at the time of the incident. *Pearson v.*

*Callahan*, 555 U.S. 223 (2009). The law establishes a right clearly if the law at the time of the incident permits a "reasonable official [to] understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Determining whether the law "clearly establishes" a right in Florida requires examining the decisions of the Supreme Court, the Eleventh Circuit, and the Florida Supreme Court. *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007). Even if no binding decision finds a constitutional violation in a similar circumstance, qualified immunity is unavailable if a reasonable officer would find the unlawfulness of the defendant's conduct apparent or manifest. *Anderson*, 483 U.S. at 640; *Moore v. Pederson*, 806 F.3d 1036, 1047 (11th Cir. 2015).

In this instance, Officer Johnson heard a Doberman and a thirty-pound "cattle dog" barking behind a nearby fence. When the cattle dog leaped the fence and ran toward him, Johnson shot the animal twice. Even after the first two shots, the dog remained mobile. Faced with an unrestrained but aggressive cattle dog, a reasonable officer in Johnson's circumstance would act similarly. Nothing in the Fourth Amendment requires that an officer submit passively to mauling by an unrestrained and aggressive animal or that an officer engage in physical combat with the animal but without the aid of weapons. An officer can shoot and kill an unrestrained and aggressive attacker of any species if that attacker presents an apparently genuine and serious threat of bodily harm or death. In sum, Johnson acted reasonably, and no "clearly established" law of the Supreme Court, of the Eleventh Circuit, or of the

Florida Supreme Court prohibits shooting an unrestrained and aggressive animal that dangerously accosts an officer in the course of a lawful investigation.

**2. Intentional infliction of emotional distress (count two)**

Intentional infliction of emotional distress requires showing that the defendant acted intentionally or recklessly, that the defendant's act was "extreme" or "outrageous," and that the act caused the plaintiff to suffer severe emotional distress. *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277 (1985). As explained above, Johnson's decision to shoot an unrestrained and aggressive dog that leaped a fence and ran toward Johnson appears neither "extreme" nor "outrageous."

Even if the Waltzes state a claim for intentional infliction of emotional distress, Section 768.28(9)(a), Florida Statutes, immunizes Johnson from defending the claim. That section provides sovereign immunity to an officer unless he acted "in bad faith or with malicious purpose or exhibiting wanton and willful disregard of human rights, safety, or property." In this circumstance, nothing about Johnson's election to shoot an unrestrained and aggressive dog demonstrates bad faith, malice, or a wanton and willful disregard for the rights, safety, or property of the Waltzes.

## CONCLUSION

The Waltzes fail to state a claim against Johnson for violating the Fourth Amendment and for intentionally inflicting emotional distress. Also, qualified and sovereign immunity respectively preclude the claims under Section 1983 and under Florida common law. The motion (Doc. 4) to dismiss is **GRANTED**, and counts

one and two are **DISMISSED WITH PREJUDICE**. The clerk is directed to enter judgment in counts one and two for Officer Eric Johnson and against Toni Waltz and Charles Waltz.

ORDERED in Tampa, Florida, on February 21, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE